UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY KURT HAIRSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. CURLISS, et al.,<br><br>　　　　　Defendants. | CASE No. 1:14-cv-01760-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 2)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

Plaintiff Robey Kurt Hairston is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 7, 2014, Plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which

relief maybe granted.[1]

To meet the imminent danger exception, the complaint must plausibly allege "that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007). Plaintiff's allegations are fragmented and difficult to understand. As far as the Court can decipher, Plaintiff complains of at least one instance of excessive force that occurred on September 28, 2014, almost a month before the Complaint was filed. The allegation do not suggest Plaintiff faced imminent danger at the time he filed his complaint.

The undersigned concludes that Plaintiff's in forma pauperis application should be denied because he accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated. 28 U.S.C. § 1915(g). Plaintiff should be provided with the opportunity to pay the filing fee in full.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis application (ECF No. 2) should be DENIED,

2. Plaintiff should be required to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, and

3. If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, all pending motions should be terminated and this action dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such

---

[1] The Court takes judicial notice of the following United States District Court cases: Hairston v. State of California, et al., 5:14-cv-00765-UA-MAN (C.D. Cal.) (dismissed May 6, 2014 for, among other reasons, failure to state a claim, no appeal filed); Hairston v. Bazanifh, et al., 8:10-cv-01652-UA-MLG (C.D. Cal.) (dismissed November 8, 2010 for, among other reasons, failure to state a claim, no appeal filed); and Hairston v. Brooks Bozanigh, et al., 8:10-cv-01630-UA-MLG (C.D. Cal.) (dismissed November 8, 2010 for, among other reasons, failure to state a claim, no appeal filed). These strikes were final prior to the date Plaintiff filed this action. Silva v. Di Vittorio, 658 F.3d 1090, 1098-1100 (9th Cir. 2011).

a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 21, 2014           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE